

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

December 29, 2020

By ECF          **MEMORANDUM ENDORSED.**

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *Dixon v. United States*, 20 Civ. 8891 (GWG)

Dear Judge Gorenstein:

    This Office represents Defendant United States of America ("the Government") in the above-captioned Federal Tort Claims Act ("FTCA") action involving a motor vehicle accident. Pursuant to Federal Rule of Civil Procedure 42(a),[1] we write respectfully to request that the Court consolidate this action with a later-filed action before Judge Mary Kay Vyskocil, which was brought by a different plaintiff who was also involved in the accident at issue in this litigation. *See Acevedo v. United States*, 20 Civ. 9006 (MKV), ECF No. 1, Compl. (Oct. 27, 2020). According to the complaints, both Plaintiffs, Curtis Dixon ("Dixon") and Jose Acevedo ("Acevedo"), were passengers in the same vehicle that was involved in a collision with a Government vehicle. *See Dixon v. United States*, ECF. No. 3, Am. Compl. at ¶¶ 10, 12; *Acevedo v. United States*, ECF No. 1, Compl. at ¶¶ 10, 12. Both Plaintiffs, who are represented by the same counsel, join in this letter motion. In the *Acevedo* matter, on December 22, 2020, the parties submitted a consent form to the Orders and Judgments Clerk to proceed for all purposes before the assigned Magistrate Judge (which also happens to be Your Honor) and are awaiting entry of the order by Judge Vyskocil.

    Consolidation of the two actions is proper in this instance. "Rule 42(a) of the Federal Rules of Civil Procedure empowers a trial judge to consolidate actions . . . when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). "The trial court has broad discretion to determine whether consolidation is appropriate." *Id.* "So long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Linn v. Allied Irish Banks, PLC*, No. 02 Civ. 1738, 2004 WL 2813133, at *2 (S.D.N.Y. Dec. 8, 2004). Accordingly, courts have found that consolidation is proper where (among other things) both actions arise from the same

---

[1] Subsection (c) of Rule 13 of the Southern District of New York's Rules for the Division of Business Among District Judges provides that a motion to consolidate cases should be brought "before the judge having the lowest docket number, with courtesy copies to be provided to the judge . . . having the case[] with the higher docket number[]."

December 29, 2020

alleged misconduct, and the plaintiffs assert similar claims. *See Goodwin v. Anadarko Petroleum Corp.*, No. 10 Civ. 4905, 2010 WL 11469543, at *5 (S.D.N.Y. Nov. 16, 2010).

Such is the case here. Based on the allegations in the complaints, these two actions appear to involve similar facts and legal claims, given that both Plaintiffs bring actions for personal injury pursuant to the FTCA based on alleged injuries suffered while they were passengers in the same vehicle that collided with a Government vehicle. Consolidation of the two cases would serve the interests of justice and judicial economy by allowing the parties to take discovery on a unified timetable and avoiding the potential for inconsistent rulings on liability and other issues. Consolidation is also appropriate because "the two actions are at the same early stage of litigation" given that they were filed within days of each other. *Gorbaty v. Wells Fargo Bank, N.A.*, No. 10 Civ. 3291, 2010 WL 3034145, at *1 (E.D.N.Y. July 27, 2010); *see also Liegey v. Ellen Figg, Inc.*, No. 02 Civ. 1492, 2003 WL 21688242, at *2 (S.D.N.Y. July 18, 2003) (consolidation appropriate where "[t]he two cases can be put on the same track with little difficulty"). Further, since all parties consent to consolidation, consolidation before this Court is unlikely to be difficult or prejudicial to any party. Finally, Your Honor was designated as the Magistrate Judge for both cases, and both Plaintiffs and the Government have consented to proceed before Your Honor for all purposes.

For the foregoing reasons, the Government respectfully requests that the Court consolidate this action with 20 Civ. 9006 (MKV). We thank the Court for its consideration of this request.

Respectfully,

AUDREY STRAUSS
Acting United States Attorney

BY:    /s/ Allison M. Rovner
ALLISON M. ROVNER
Assistant U.S. Attorney
Telephone: (212) 637-2691
Fax: (212) 637-2750

cc:    Anthony Iadevaia, Esq. (by ECF)
       The Honorable Mary Kay Vyskocil (by ECF in 20 Civ. 9006)

Docket ## 20 Civ. 8891 and 20 Civ. 9006 are hereby consolidated for all purposes. All filings relating to either case shall be filed exclusively in 20 Civ. 8891. The conference scheduled for January 12, 2021, in Docket # 14 of 20 Civ. 8891 applies to the parties in both cases.
So Ordered.
Dec. 30, 2020

GABRIEL W. GORENSTEIN
United States Magistrate Judge